IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

In Re:                              )
                                    )   No. 2:09-cv-02910-GEB
RICHARD J. SHIELDS,                 )
                                    )   Bankruptcy Court Case No. 06-
            Debtor.                 )   22377-C-7
_____   )
                                    )   Adv. Proc. No. 08-02352
THE BANKRUPTCY ESTATE OF RICHARD    )
J. SHIELDS, by and through          )   ORDER DENYING NEIL MCCLEAN'S
MICHAEL F. BURKART, Chapter 7       )   MOTION TO SUPPLEMENT THE
Trustee,                            )   RECORD ON APPEAL*
                                    )
            Plaintiff,              )
                                    )
       v.                           )
                                    )
NEIL MCLEAN (aka NEAL MCLEAN)       )
and RUSSELL LONGAWAY,               )
                                    )
            Defendants.             )
_____   )

        On August 2, 2010, Cross-Appellant Neil McLean filed a
motion to "supplement and correct an omission from the record on
appeal pursuant to Federal Rule[] of Bankruptcy Procedure 8006
 . . . ." (Docket No. 29, Mot. to Suppl. 1:20-23.)  Specifically,
McLean seeks an order which would include his evidentiary objections
to the admission at trial of Kenneth Herold's deposition testimony in
the record on appeal.  Cross-Appellee Michael Burkart, the chapter 7
trustee of the bankruptcy estate of debtor Richard Shields, opposes

        *   This matter is deemed suitable for decision without oral
argument.  E.D. Cal. R. 230(g).

1

McLean's motion, arguing the record may not be supplemented since the bankruptcy court did not consider McLean's evidentiary objections.

Although McLean seeks to supplement the appellate record under Federal Rule of Bankruptcy Procedure 8006, "courts generally apply Rule 10(e) of the Federal Rules of Appellate Procedure" when deciding such motions. In re Flamingo 55, Inc., BK-S-03-19478 BAM, 2006 WL 2432764, at *4 (D. Nev. Aug. 21, 2006) (also stating that "Rule 8006 does not . . . provide a method to correct or modify the record on appeal"); see also In re Khoe, 255 B.R. 581, 585 (E.D. Cal. 2000) (stating that "[s]upplementation of a record on appeal is governed by [Federal Rule of Appellate Procedure] 10(e)(2)"). Federal Rule of Appellate Procedure 10(e)(2) provides:

> If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>
> (A)   on stipulation of the parties;
>
> (B)   by the district court before or after the record has been forwarded; or
>
> (C)   by the court of appeals.

Fed. R. App. P. 10(e)(2).  This rule is construed "narrowly" and "normally the reviewing court will not supplement the record on appeal with material not considered by the lower court." In re Khoe, 255 B.R. at 585 (citing Daly-Murphy v. Winston, 837 F.2d 348, 351 (9th Cir. 1987)).

Debtor Shields filed a chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of California and Michael Burkart was appointed to be the chapter 11 trustee of the bankruptcy estate.  Shield's bankruptcy case was later converted to a

1  chapter 7 case, and Burkart was appointed to be the chapter 7 trustee.

2

3        Burkart initiated an adversary proceeding against McLean on

4  behalf of Shield's bankruptcy estate.  In the adversary proceeding

5  complaint, Burkart objected to certain of McLean's claims against the

6  bankruptcy estate under 11 U.S.C. § 502(b); sought subordination of

7  certain of McLean's claims under 11 U.S.C. § 510(c)(1); alleged state

8  claims of interference with prospective economic advantage,

9  interference with contract, breach of fiduciary duty and violation of

10 California Business and Professions Code § 17200; sought declaratory

11 relief under 11 U.S.C. § 723 and California Corporations Code § 16202;

12 and sought a judgment against McLean in the deficiency amount that

13 would be necessary for the bankruptcy estate to pay all claims.

14       Prior to trial, McLean filed evidentiary objections to the

15 admissibility of Kenneth Herold's deposition testimony.  (Fernandez

16 Decl. Ex. A.)  McLean argued Herold's deposition was inadmissible at

17 trial because Herold lacked personal knowledge of the negotiations to

18 which he testified and his testimony constituted hearsay.  (Id.)

19       A trial on Burkart's adversary proceeding claims was held on

20 September 9 and 11, 2009 before the bankruptcy court.  At the

21 commencement of trial, the bankruptcy court addressed McLean's

22 evidentiary objections as follows:

23         THE COURT: Okay.  Are there any preliminary matters
           we should dispose of before we get started?
24
           MR. MACDONALD [on behalf of McLean]: Well, your
25         Honor, we suggest -- we have filed pretty extensive
           evidentiary objections and would ask that those be
26         considered before testimony begins.

27         THE COURT: Well, I would rather not go through the
           whole gamut of objections at this point.  However,
28         I agree with you, we should review objections

3

1  before actual testimony, so if you have objections
   to the testimony of a particular witness, I will
2  hear them before the witness is put on.

3        MR. MACDONALD: Okay.

4        THE COURT: But I don't want to hear everything up
         front now.
5
         MR. MACDONALD: All right.
6
(Adversary Proceeding Docket No. 155 Trial Tr. 6:22-7:12.)
7
        During the trial, when Burkart moved to admit Herold's
8
deposition, the bankruptcy court inquired as to whether there were
9
"[a]ny objections to the [admission] of Mr. Herold's [deposition]."
10
(Fernandez Decl. Ex. B 48:8-9.)  The following discussion then
11
transpired:
12
        MR. MACDONALD: We found [sic] extensive objections.
13
        THE COURT: All right.  I suppose we should have --
14       we will have to redo them, won't we?

15       MR. MACDONALD: I was thinking.  We made a lot of
         hearsay objections.  I think Your Honor has given
16       us a pretty good sense of how the court feels about
         those objections.
17
         THE COURT: Well, hey, if you think there is a valid
18       hearsay objection, I certainly don't intend in any
         way to disabuse you of that position.  But I think
19       you do have a sense of what I may rule in respect
         to certain types of hearsay objections.
20
         MR. MACDONALD: I was just going to -- I think in
21       the interest of time, if we could just admit the
         depo and reserve the objection, unless it becomes
22       relevant later.

23       THE COURT: Good idea.  I approve that approach if
         it's okay with Mr. Sullivan.
24
         MR. SULLIVAN [on behalf of Burkart]: You know, I
25       hate to do that, Your Honor, but I'm not exactly
         sure what that means.  What does he mean by reserve
26       objections in case they come up later?

27       THE COURT: Maybe there is another way we can do it.
         That is -- well, you are admitting the whole
28       deposition, aren't you?

4

MR. SULLIVAN: I am, Your Honor . . . .

MR. MACDONALD: What I was going to say is the deposition had a lot of exhibits to it, and I would say, let's just put in the whole deposition, but let's have the exhibits, too, so we know what he's talking about if it becomes relevant . . . .

MR. MACDONALD: You know what I would like to suggest, Your Honor, since we have the depo, let's just admit the whole thing.  I don't -- I'm very uncomfortable with having a summary which quotes selected parts because it argues and puts a spin on it, and the deposition is there.  The testimony is there.  Why don't we just put that in with the exhibits, the whole thing?

MR. SULLIVAN: I have no objection to that, of course, Your Honor.

THE COURT: Okay.  We'll do that . . . .

MR. SULLIVAN: So my understanding of what just transpired is the entire deposition and the exhibits were all admitted into evidence.

THE COURT: Is that what you wanted to do?

MR. MACDONALD: Yes.

THE COURT: All right . . . .

THE COURT: All right.  The whole deposition with exhibits will be admitted into evidence.

(Id. 48:10-53:6.)

The bankruptcy court entered judgment in favor of Burkart on October 2, 2009, finding Burkart was entitled to recover $300,000 from McLean on his interference with prospective economic advantage claim, and subordinated certain of McLean's claims under 11 U.S.C. § 510(c)(1).  Burkart then filed a notice of appeal and McLean filed a cross-appeal.  McLean asserts that one of the issues on appeal is whether "the Bankruptcy Court err[ed] in admitting into evidence the deposition transcript of Kenneth J. Herold . . . ."

1  Burkart's designation of items for the record on appeal did

2  not include McLean's evidentiary objections.  McClean designated

3  additional items to be included in the record, but he also failed to

4  include his written evidentiary objections.  McLean argues this

5  "omission" was "a mistake."  (Mot. to Supplement Record 2:15-17.)

6  Burkart counters "[b]ecause the written objections were not considered

7  [by the bankruptcy court], they should not be part of the record on

8  appeal."  (Opp'n 5:8-9.)  Burkart further contends that McLean waived

9  any evidentiary objection to the admission of Herold's deposition by

10  consenting to its admission during trial.

11  The appellate record should not be supplemented if McLean

12  did not preserve his evidentiary objections for appellate review.  As

13  prescribed in the pertinent part of Federal Rule of Evidence 103:

14  (a) Effect of Erroneous Ruling.--Error may not be
    predicated upon a ruling which admits or excludes
15  evidence unless a substantial right of the party is
    affected, and
16
17  (1) Objection. --In case the ruling is one
    admitting evidence, a timely objection or
18  motion to strike appears on record, stating
    the specific ground of objection, if the
    specific ground was not apparent from the
19  context . . . .

20  Fed. R. Evid. 103(a)(1).  "By failing to object to evidence at trial

21  and request a ruling on such an objection, a party waives the right to

22  raise admissibility issues on appeal."  Marbled Murrelet v. Babitt, 83

23  F.3d 1060, 1066 (9th Cir. 1996) (citations omitted).  "The failure of

24  a litigant to request a ruling [on an evidentiary objection

25  constitutes] a waiver of the right to raise any issue [on appeal]

26   . . . concerning admissibility."  Fenton v. Freedman, 748 F.2d 1358,

27  1360 (9th Cir. 1984); see also Nat'l Union Fire Ins. Co. v. Seagate

28  Technology, Inc., No. C 04-01593 JW, 2007 WL 2345023, at *1 (N.D. Cal.

Aug. 16, 2007) (stating that "Ninth Circuit law requires [appellant] to seek a ruling on its [evidentiary] objection in order to preserve it for appeal").

The record does not show that the bankruptcy court considered McLean's evidentiary objections to Herold's deposition testimony. Although McLean argues in his reply brief that "the trial court made it clear that it was going to overrule [his] . . . evidentiary objections," McLean did not specifically raise his objections, and there was no ruling on the objections. (Reply 3:1-2.) By failing to "request a ruling" on his objections, McLean "waive[d] [his] . . . right to raise any issue [on appeal] . . . concerning [the] admissibility" of Herold's deposition testimony. Fenton, 748 F.2d at 1360. Since McLean's evidentiary objections were not "considered" and decided by the bankruptcy court, McLean failed to preserve his evidentiary objections for appeal and the record need not be supplemented. Kehoe, 255 B.R. at 585 (stating that "the reviewing court will not supplement the record on appeal with material not considered by the lower court"). Therefore, McLean's motion to supplement the record is DENIED.

Dated:  August 27, 2010

GARLAND E. BURRELL, JR.
United States District Judge